UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ROBERT CLARKE

      Plaintiff,

v.

FOCUS RECEIVABLES MANAGEMENT, LLC

  SERVE:  CT CORPORATION SYSTEM
              1201 PEACHTREE STREET, N.E.
              ATLANTA GA 30361

TRANS UNION, LLC

  SERVE:  CORPORATION SERVICE COMPANY
              11 SOUTH 12TH STREET
              RICHMOND, VA 23218

      Defendants.

CIVIL NO. _____

3:10CV546

## COMPLAINT

COMES NOW the Plaintiff, Robert Clarke, (hereafter, "Clarke" or "Plaintiff"), by counsel, and as for his Complaint against the Defendants, he alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (the Federal Fair Credit Reporting Act or "FCRA").

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681(p).

## PARTIES

3. The Plaintiff is a natural person and is a "consumer" as defined by the FCRA.

4. Defendant Focus Receivables Management, LLC (hereafter, "FRM") is a foreign corporation with its principal place of business located in Marietta, Georgia and which regularly conducts business in Virginia. The Defendant's principal business purpose is the collection of debts. It is also a "user" of credit reports for purposes of the FCRA.

5. Defendant Trans Union, LLC (hereafter, "Trans Union") is a foreign corporation doing business in Virginia. At all times relevant hereto, it was a "credit reporting agency" as defined by the FCRA.

## STATEMENT OF FACTS

6. Defendant FRM accessed Plaintiff's Trans Union report on or about August 5, 2008 without Plaintiff's consent and without one of the permissible purposes listed at 15 U.S.C. § 1681b.

7. Trans Union furnished a consumer report to the Defendant that regarded the Plaintiff on or about August 5, 2008.

8. Prior to obtaining Plaintiff's consumer report, Defendant FRM failed to certify the purpose for the use of the report to Trans Union, and Trans Union failed to require the Defendant to certify the same.

## COUNT ONE
### Violation of 15 U.S.C. § 1681b(f)
### (FRM only)

9. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 8 above as if fully set out herein.

10. Defendant FRM violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) by using or obtaining Plaintiff's Trans Union consumer report on or about August 5, 2008 without Plaintiff's consent and without one of the permissible purposes listed at 15 U.S.C. § 1681b. Specifically, Plaintiff never authorized Defendant FRM to access his Trans Union consumer report. Plaintiff never applied for employment with Defendant FRM. Plaintiff never entered into a credit transaction with Defendant FRM. Plaintiff never asked Defendant FRM to establish an insurance policy for him. Plaintiff never initiated a business transaction with Defendant FRM. Thus, the Defendant had no permissible purpose that authorized it to access Plaintiff's Trans Union consumer report.

11. As a result of Defendant FRM's conduct, the Plaintiff suffered actual damages. These damages include the unauthorized intrusion into his financial privacy, and the increased exposure to identity theft by the revelation of his social security number, date of birth, and other personal identifiers to complete strangers.

12. Defendant FRM's conduct was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

13. In the alternative, Defendant FRM was negligent, entitling the Plaintiff to recover pursuant to 15 U.S.C. § 1681o.

14. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorney's fees from Defendant FRM in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## COUNT TWO
### Violation of 15 U.S.C § 1681b

(Trans Union only)

15. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 14 above as if fully set out herein.

16. Trans Union violated 15 U.S.C § 1681b by furnishing a consumer report in connection with a credit transaction that was not initiated by the Plaintiff to an entity which lacked a permissible purpose for access of the report, including but not limited to Defendant FRM.

17. As a result of Trans Union's conduct, actions, and inaction, the Plaintiff suffered actual damages.

18. Trans Union's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

19. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## COUNT THREE
### Violation of 15 U.S.C. § 1681e(a)
(Trans Union only)

20. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 19 above as if fully set out herein.

21. Trans Union violated 15 U.S.C. § 1681e(a) by failing to establish or to follow reasonable procedures to ensure that consumer reports are only provided to users that have a

permissible purpose and by failing to require FRM to certify the permissible purpose for which the information was obtained or used.

22. As a result of Trans Union's conduct, actions, and inaction, the Plaintiff suffered actual damages.

23. Trans Union's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

24. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

WHEREFORE, Your Plaintiff demands judgment for compensatory, statutory, and punitive damages against the Defendants; an order that Defendant FRM cease any future unauthorized inquiries into his credit file, and for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**ROBERT CLARKE**

By: *[signature]*
Of Counsel

MATTHEW J. ERAUSQUIN, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7770
Facsimile: (888) 892-3512
matt@clalegal.com